**Keith K. STEVENS, Plaintiff–Appellant,**

v.

**COUNTY OF SAN MATEO; San Mateo Probation Department; Vincent Obiajulu, individually, Defendants–Appellees.**

No. 06–15634.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 22, 2008.

A. Catherine Lagarde, Esq., Law Offices of Charles A. Bonner, Sausalito, CA, Charles S. Ralston, Esq., Law Offices of Charles Stephen Ralston, Berkeley, CA, for Plaintiff–Appellant.

David A. Silberman, Esq., San Mateo County Counsel's Office, Redwood City, CA, for Defendants–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* Senior District Judge.

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

MEMORANDUM **

Keith Stevens appeals the district court's grant of summary judgment with regard to his hostile work environment, age and race discrimination, and retaliation claims, and dismissal of his state claims. The facts of this case are known to the parties and need not be repeated here.

First, Stevens argues that the ageist and racist slurs that he encountered constituted a hostile work environment. Although we have never definitively recognized an age-related hostile work environment claim, *see Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir.2003) (discussing only race and gender), even if such a claim is cognizable, Stevens failed to provide sufficient evidence to support either an age– or a race-based hostile environment claim.

■ As a preliminary matter, the district court did not err by limiting Stevens to his deposition testimony because his declaration was a sham affidavit. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991) (holding that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). Stevens' declaration contradicted his deposition testimony in a number of ways, including changing the number of instances that he was called old, his understanding of the term "OG," and initially failing to disclose any harassment that occurred after April 10, 2002.

■ Limited to the allegations in his deposition, Stevens cannot show that he was subjected to unwelcome age– or race-related verbal or physical conduct that was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and create an abusive work environment." *Vasquez,* 349 F.3d at 642. To determine whether conduct is sufficiently severe or pervasive, we look at all the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotation marks omitted). Both the ageist and racist slurs were too isolated and sporadic to give rise to a hostile working environment. The comments were neither physically threatening nor particularly humiliating, but rather constituted merely offensive utterances. *Cf. id.* at 643, *Kortan v. California Youth Auth.,* 217 F.3d 1104, 1113 (9th Cir.2000).

■ Second, Stevens argues that the district court erred in granting summary judgment on his claim that he was discriminated against on the basis of his race and age when he was transferred to Hillcrest. To establish a *prima facie* case for disparate treatment, Stevens must prove: 1) he was a member of a protected class; 2) he was performing his job in a satisfactory manner; 3) he was subjected to an adverse employment action; and 4) employees not in the protected class were treated more favorably. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998). Even if Stevens' transfer constituted an adverse employment action, he did not offer evidence that a similarly situated employee out of his class was treated differently. Stevens' transfer to Hillcrest occurred after an altercation with a co-worker. Since Stevens has not pointed to any other employee who was involved in altercations, the only individual similarly situated was his co-worker, who is a member of the same protected classes as Stevens.

■ Third, Stevens argues that the district court erred in granting summary

judgment on his claim that he was retaliated against because of his harassment complaints. To make out a *prima facie* case of retaliation Stevens must establish that: 1) he engaged in a protected activity; 2) he was subjected to an adverse employment action; and 3) a causal link exists between the two. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064 (9th Cir.2002). Stevens contends that both his transfer to Hillcrest and the denial of his requests for family leave and shift adjustments constituted adverse employment actions in retaliation for his protected activity.

Stevens cannot make out a *prima facie* case of retaliation based on the denial of his requests for family leave and shift adjustments. The denials were not sufficiently close in time to justify an inference of causation. *See Manatt v. Bank of Am.,* 339 F.3d 792, 802 (9th Cir.2003).

■ Even if Stevens could make out a *prima facie* case of retaliation with regard to his transfer to Hillcrest, the County of San Mateo has articulated a legitimate, nondiscriminatory reason for Stevens' transfer: Stevens' doctors had instructed that he work in a position that would not require him to restrain minors, and the only such position was at Hillcrest. The only evidence Stevens offered to show that the County's reason was merely pretextual is that he was never transferred back to Glenwood, and that two other employees on unspecified medical light duty worked at Glenwood. Since this evidence does not challenge the County's proffered reason, summary judgment is appropriate as to Stevens' retaliation claim. *See Lindsey v. SLT Los Angeles, LLC,* 447 F.3d 1138, 1148 (9th Cir.2006) ("when evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate, even though [the] plaintiff may have established a minimal *prima*

*facie* case" (internal quotation marks omitted)).

Finally, since summary judgment is appropriate with regard to all the federal claims, the district court did not err in dismissing the state law claims without prejudice.

The judgment of the district court is AFFIRMED.